IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON MORROW, Individually and on Behalf of All Others Similarly Situated<br><br>PLAINTIFF<br><br>vs.<br><br>OHIO PIZZA 17, LLC,<br><br>DEFENDANT | Case No. 2:21-cv-2048<br><br>JUDGE _____<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>RULE 23 CLASS ACTION PURSUANT TO THE OHIO CONSITUTION, ARTICLE II, SECTION 34 a and O.R.C. §4113.15 |

## **ORIGINAL COMPLAINT—COLLECTIVE AND CLASS ACTION**

Plaintiff Brandon Morrow ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective and Class Action Against Ohio Pizza 17, LLC ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and Article II, Section 34A of the Ohio Constitution ("TOC"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, et seq. ("OWA"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), O.R.C. §2307.60 and for unjust enrichment.

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and

practice of failing to pay Plaintiff sufficient wages under the FLSA, TOC, OWA and the OPPA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA, TOC, OWA, OPPA and O.R.C. §2307.60 as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Ohio has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges TOC, OWA and OPPA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's TOC, OWA and OPPA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Ohio.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Ohio has personal jurisdiction over Defendant, and Defendant therefore "resides" in Ohio.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Eastern Division of the Southern District of Ohio. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Delaware County.

10. Defendant is a domestic limited liability company.

11. Defendant's registered agent for service of process is Keith W. Schneider at 1650 Lake Shore Drive, Suite 150, Columbus, Ohio 43204.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant owns and operates Jet's Pizza franchises in Ohio, which is where Plaintiff worked for Defendant.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

16. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

17. Specifically, Defendant employed Plaintiff as an hourly-paid Delivery Driver from approximately December of 2020 until March of 2021.

18. Defendant also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

19. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, TOC, OWA and the OPPA.

21. Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA.

22. Defendant also classified other Delivery Drivers as nonexempt from the overtime provisions of the FLSA.

23. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

24. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

25. Plaintiff and the other Delivery Drivers at Defendant's restaurants work "dual jobs." Specifically, they deliver food to Defendant's customers and receive tips, and they also work inside the store completing nontipped duties.

26. Defendant paid Plaintiff and other Delivery Drivers a rate at or close to minimum wage per hour for work performed while in the store.

27. Defendant paid Plaintiff and other Delivery Drivers less than minimum wage per hour for all hours worked outside of the restaurant making deliveries. In other words, Defendant takes advantage of the "tip credit" provision of the FLSA pursuant to 29 U.S.C. § 203(m) while Plaintiff and other Delivery Drivers are out making deliveries.

28. Plaintiff and other Delivery Drivers would "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate.

29. Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

30. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for Delivery Drivers to complete their job duties.

31. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

32. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses nor does Defendant keep records of all of those expenses.

33. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

34. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

35. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

36. Defendant reimburses Plaintiff and other Delivery Drivers at or around $0.33 per mile for miles driven to a customer location and does not reimburse Plaintiff and other Delivery Drivers in any amount when returning to the store.

37. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2019: 58 cents/mile
> 2020: 57.5 cents/mile
> 2021: 56 cents/mile
> 2022: 58.5 cents/mile

38. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA, TOC, OWA and the OPPA.

39. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

40. All of Defendant's Delivery Drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs.

41. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an

unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

42. Defendant charges customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver per the Jet's Pizza website ([www.jetspizza.com](www.jetspizza.com)).

43. Because Defendant paid Plaintiff and other Delivery Drivers a gross hourly wage at or around the applicable minimum wage, and because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

44. In 2021, for example, Defendant under-reimbursed Plaintiff and other Delivery Drivers at a rate of $0.23 per mile (IRS standard rate of $0.56 minus the actual reimbursement of $0.33).

45. Thus, in 2021, if Plaintiff completed 2 deliveries per hour and if each delivery was 10 miles roundtrip, Plaintiff would have consistently "kicked back" to Defendant approximately $4.60 per hour ($0.23 per mile x 2 deliveries per hour x 10 miles per delivery).

46. Plaintiff drove sufficient miles per hour that the amount he "kicked back" to Defendant caused his constructive hourly rate to fall below the statutory minimum wage.

47. Defendant knew or should have known that it was not paying Plaintiff and other Delivery Drivers sufficient minimum wages.

48. Defendant has willfully failed to pay minimum wages to Plaintiff and similarly situated Delivery Drivers.

## V. REPRESENTATIVE ACTION ALLEGATIONS

49. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Minimum wages for all hours worked;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

51. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers in the last three years ("FLSA Collective Members").**

52. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

53. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

54. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties and requirements;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants; and

E. They did not receive a lawful minimum wage.

55. Plaintiff's claims are essentially the same as those of the putative collective.

56. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

57. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds one hundred (50) persons.

58. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

59. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI. OHIO COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61. Plaintiff, individually and on behalf of all other similarly situated in the State of Ohio, brings this Ohio collective action for all available relief under the Ohio Constitution and the OWA at O.R.C. §§ 4111.14 on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the previous three (3) years, who are entitled to payment of the Ohio minimum wage in the year(s) that they worked, who are entitled to payment of the following types of damages.

    A. Minimum wages for all hours worked;

    B. Treble damages; and

    C. Attorney's fees and costs.

62. Plaintiff proposes the following class under the FLSA:

**All Ohio Delivery Drivers in the last three years ("Ohio Collective Members").**

63. In conformity with the requirements of O.R.C. §§ 4111.14(k), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

64. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

65. The proposed Ohio Collective Members are similarly situated in that they share these traits:

    A. They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

    B. They had substantially similar job duties and requirements;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants; and

E. They did not receive the Ohio minimum wage in the year(s) they worked.

71. Plaintiff's claims are essentially the same as those of the putative collective.

72. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

73. Plaintiff is unable to state the exact number of the class but believes that the Ohio Collective Class exceeds 50 persons.

74. Defendant can readily identify the Ohio Collective Members, who are a certain portion of the current and former employees of Defendant.

75. The names, addresses and cell phone numbers of the Ohio Collective Members are available from Defendant, and a Court-approved Notice should be provided to the Ohio Collective Members via text message, email, and first-class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's Ohio Constitution and Ohio minimum wage claims.

### VII. FED. RULE 23 CLASS ALLEGATIONS

66. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

67. Plaintiff seeks class certification under Fed. R. 23 of the following state law sub-class:

**All Delivery Drivers in the last three years ("the Ohio Rule 23 Class Members").**

68. Plaintiff is unable to state the exact number of the Ohio Rule 23 Class but believes that the Ohio Rule 23 Class exceeds 50 persons.

69. As a result, the Ohio Rule 23 Class is so numerous that joinder of all members is not practical.

70. There are questions of law or fact common to the Ohio Rule 23 Class, including: (1) whether they were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products; (2) whether they were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants; (3) whether they had the same or substantially similar job duties and responsibilities; (4) whether they conferred a benefit on Defendant that Defendant was aware of and accepted, and whether it would be unjust for Defendant to retain that benefit without compensating for it; and, (5) whether Defendant failed to pay them in a timely manner as described by the OPPA.

71. Plaintiff's OWA claims are typical of those of the Ohio Rule 23 Class because they arise out of Defendant's uniform compensation practices.

72. Defendant's defenses to Plaintiff's OWA claims and OPPA claims are typical of their defenses to those of the Ohio Rule 23 Class because they are grounded in the same compensation practices.

73. Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he is asserting the same claims as the Ohio Rule 23 Class.

74. Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he has no interests adverse to the Ohio Rule 23 Class.

75. Plaintiff can fairly and adequately protect the interests of the Ohio Rule 23 Class because he has retained counsel experienced in class action employment litigation.

76. The common questions of law and fact predominate over the variations which may exist between members of the Ohio Rule 23 Class, if any.

77. Plaintiff and the members of the Ohio Rule 23 Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

78. If individual actions were required to be brought by each member of the Ohio Rule 23 Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

79. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Ohio Rule 23 Class is entitled.

80. The books and records of Defendant are material to the Ohio Rule 23 Class's claims because they disclose the hours worked by each member of the Ohio Rule 23 Class and the rate of pay for that work.

## VIII. FIRST CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

81. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

84. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

85. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

86. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

87. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

88. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

89. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## IX. SECOND CAUSE OF ACTION
### (Failure to Pay Minimum Wages- Ohio Constitution, Article 11, § 34 a)
### (Ohio Rule 23 Class Action)

90. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

91. Section 34a of Article II of TOC requires that every employer shall pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a.

92. In 2019, the Ohio minimum wage for nonexempt employees was $8.55 per hour.

93. In 2020, the Ohio minimum wage for nonexempt employees was $8.70 per hour.

94. In 2021, the Ohio minimum wage for nonexempt employees was $8.80 per hour.

95. In 2022, the Ohio minimum wage for nonexempt employees is $9.30 per hour

96. At all times relevant to this Complaint, the Plaintiff and the Ohio Collective Members were not exempt from the minimum wage provisions of TOC or the OWA.

97. During the period relevant to this lawsuit, Defendant was and is an Ohio employer subject to TOC and OWA.

98. Despite the entitlement of Plaintiff and the Ohio Rule 23 Class Members to Ohio minimum wages under TOC and the OWA, Defendant failed to pay Plaintiff and the Ohio Rule 23 Class Members lawful minimum wages for the year(s) they worked.

99. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

100. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the Ohio Rule 23 Class Members for treble damages and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### X. THIRD CAUSE OF ACTION
### (OPPA—Failure to Pay Wages Timely)
### (Ohio Rule 23 Class Action)

101. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

102. The OPPA requires that Defendant pay Plaintiff and the Ohio Rule 23 Class all wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month. See O.R.C. § 4113.15(A)

103. Defendant was a covered employer pursuant to the OPPA.

104. This count arises from Defendant's violations of the OPPA by failing to pay Plaintiff and the Ohio Rule 23 Class all wages, at 1.5x their regular rate within thirty (30) days of performing the work. See O.R.C. § 4113.15(B)

105. Plaintiff's and the Ohio Rule 23 Class's unpaid wages remain unpaid for more than thirty days beyond their regularly scheduled payday.

106. Defendant's failure to pay Plaintiff and other similarly situated Ohio Rule 23 Class 1.5x their regular rate for all time worked over 40 hours in a workweek and more than 30 days beyond their regularly scheduled payday was willful.

## XI. FOURTH CAUSE OF ACTION
### (Unjust Enrichment)
### (Ohio Rule 23 Class Action)

107. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

108. Defendant is aware of and has accepted the benefit conferred on them by delivery drivers.

109. It would be unjust for Defendant to be permitted to retain the benefit conferred on them by the delivery drivers without commensurate compensation.

110. Plaintiff and the Ohio Rule 23 Class are entitled to equitable restitution of all unreimbursed expenses.

## XII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brandon Morrow, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, TOC, OWA and the OPPA and their attendant regulations;

D. Certification of a Fed. R. 23 class of all Ohio individuals similarly situated, as further defined in any motion for the same;

E. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, TOC, OWA and the OPPA and their attendant regulations;

F. Judgment for treble damages for all unpaid minimum wage compensation and unreimbursed expense owed under TOC, OWA and their related regulations;

G. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA and its related regulations;

H. Liquidated damages for the Plaintiff and each of the Ohio Rule 23 Class Members pursuant to the OPPA equal to six percent (6%) of the unpaid wages or $200, whichever is the greater;

I. An award of restitution for unjust enrichment.

J. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K. Such other and further relief as this Court may deem just and proper.

DATED: April 27, 2022                    Respectfully submitted,

**BRANDON MORROW, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Sean Short
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com
*PHV Motion Pending*

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV Motion Pending*

*LEAD COUNSEL FOR PLAINTIFFS*

**BARKAN MEIZLISH DEROSE COX, LLP**

/s/Robert E. DeRose
Robert E. DeRose (0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com

*LOCAL COUNSEL FOR PLAINTIFFS*