IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brandon Morrow, Individually and on Behalf of all Others Similarly Situated | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-cv-02048 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| Ohio Pizza 17, LLC | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendant. | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Plaintiff Brandon Morrow and Defendant Ohio Pizza 17, LLC, by and through their undersigned, jointly move this Court to approve their Confidential Settlement Agreement and Release of Claims and to dismiss the claims in this lawsuit with prejudice.

**INTRODUCTION**

1. Plaintiff filed the Complaint in this action on April 27, 2022, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., Article II, Section 34A of the Ohio Constitution ("TOC"), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, et seq. ("OWA"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and O.R.C. §2307.60. *See* ECF No. 1. Plaintiff asserted that Defendant failed to pay him a lawful minimum wage due to an under-reimbursement of Plaintiff's incurred vehicle expenses. *Id.* Defendant denies Plaintiff's allegations, and affirmatively represents that Plaintiff was properly paid for all overtime worked. See ECF No. 6.

1

2. During the course of this litigation, the Parties engaged in informal discovery regarding Plaintiff's time and pay records. Following the exchange of these records, the Parties entered into settlement negotiations.

3. Following these negotiations between counsel, the Parties entered into a Confidential Settlement Agreement and Release of Claims (the "Agreement") resolving the litigation in full. A copy of the Agreement is attached hereto as Exhibit A.

## ARGUMENT

4. Circuits are split on whether a private settlement of an FLSA claim requires court approval. *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Sixth Circuit has yet to rule definitively on the question, but appears to presume that, as a general rule, claims under the FLSA "may not be settled without supervision of either the Secretary of Labor or a district court." *See Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 1444400, at *1 (E.D. Mich. Jan. 12, 2015 (citations omitted)).

5. Assuming court approval is required, the Parties request the Court's review and approval of the Agreement and issuance of an Order approving the Settlement as fair, adequate, and reasonable.

6. Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. It is clear that this litigation represents an actual dispute over wages owed to Plaintiff due to alleged under-reimbursement of expenses. Plaintiff and his counsel

have specifically weighed the potential value of the claims based on time, mileage, and pay records gathered from the Parties related to the alleged minimum wage violation against the potential for receiving nothing at trial. From this, Plaintiff and his counsel have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendant's denial of the claims.

7. Plaintiff's original theory of the case was that Defendant reimbursed for mileage at a flat rate based on miles driven to customer locations. However, during the course of informal discovery, Defendant produced documents which tended to establish that Defendant kept track of exact distances between delivery locations and made mileage reimbursements based on the IRS mileage rate for that year. Due to this information, Plaintiff's counsel determined that Defendant was likely to prevail in a subsequent trial or in a Motion for Summary Judgment as to the reimbursement issue.

8. Under the terms of the settlement, Plaintiff is receiving a total of $200.00. Following informal discovery, the Parties agreed that this was an amount in excess of that likely to have been recovered in the litigation.

9. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") Plaintiff's counsel is receiving the amount of $800.00 pursuant to the Agreement. This amounts to reimbursement for their filing fee of $402.00, their service of process fee of $129.00, as well as $269.00 in additional fees. Plaintiff's counsel has incurred over $6,818.50 in billing and 29.4 hours in the prosecution of this case, with a blended rate of $231.92.

At less than 5% of their total billing to date, the fee award is reasonable. A Declaration of Josh Sanford as to the fees and costs incurred is attached hereto as Exhibit B.

## CONCLUSION

10. The parties respectfully request that the Court enter an Order approving the Agreement and dismiss this Action with prejudice.


*/s/ Angela M. Courtwright*
Paul L. Bittner (0061674) – trial attorney
Angela M. Courtwright (0077785)
ICE MILLER LLP
250 West Street
Columbus, OH 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Paul.Bittner@icemiller.com
Angela.Courtwright@icemiller.com
*Counsel for Defendant Ohio Pizza 17, LLC*

*/s/ Jacob A. Mikalov*
Jacob A. Mikalov (0102121)
Robert E. DeRose (0055214)
Barkan Meizlish DeRose Cox, LLP
4200 Regent Street, Suite 210
Columbus, OH 43219
jmikalov@barkanmeizlish.com
bderose@barkanmeizlish.com

Josh Sanford (*pro hac vice*)
Ark. Bar No. 2001037
Sean Short (*pro hac vice*)
Ark. Bar No. 2015079
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com
*Counsel for Plaintiff Brandon Morrow*