## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Brandon Morrow,

    Plaintiff,

    v.

Ohio Pizza 17,

    Defendant.

Case No. 2:22-cv-2048

Judge Michael H. Watson

Magistrate Judge Deavers

### OPINION AND ORDER

Brandon Morrow ("Plaintiff") sued Ohio Pizza 17 ("Defendant") under the Fair Labor Standards Act ("FLSA") and Ohio law, alleging that Defendant "d[id] not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate." Compl. ¶ 34, ECF No. 1. Plaintiff filed the Complaint as a putative class and collective action, but no class or collective has been certified. Now, the parties move for approval of their settlement of Plaintiff's individual claims. Mot., ECF No. 21.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class

action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup,* 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Upon thorough review, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as Defendant contends it properly tracked delivery distances and provided reimbursements per the IRS's yearly rate. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel and was reached after informal discovery supported Defendant's position. The settlement will avoid expensive litigation for both sides, including possible class and collective certification motions, remaining

discovery, dispositive motions, trial, and possible appeals. Although Plaintiff's recovery amount is low, this is reasonable given the parties' representation that discovery has essentially gutted his claim. Plaintiff's low chance of success in continued litigation also strongly supports approving the settlement.

Further, the payment to Plaintiff's attorney is reasonable even though it exceeds Plaintiff's recovery. *See Pittman v. Matalco (U.S.), Inc.*, No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (collecting cases where the attorney's fees exceeded the award to the plaintiff). Here, the payment to Plaintiff's counsel will reimburse the Court's filing fee and service of process fee, both of which counsel paid. Counsel will also be paid $269 in attorney's fees, which is significantly less than the lodestar fee incurred to date.

The parties' joint motion is **GRANTED**. The settlement agreement is **APPROVED**. The Court **DISMISSES** Plaintiff's individual claims with prejudice.

The Clerk shall terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**